IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STACY SAUNDERS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:17-cv-00159 |
| METROPOLITAN PROPERTY MANAGEMENT, INC. | ) By: Elizabeth K. Dillon |
| | ) United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendant Metropolitan Property Management, Inc.'s ("Metropolitan") motion in limine (Dkt. No. 131). This matter has been fully briefed and is ripe for resolution. For the reasons stated below, the court will grant in part and deny in part defendant's motion.

I. BACKGROUND[1]

On April 14, 2017, Saunders filed suit against Metropolitan bringing two claims, one for sex discrimination and harassment, and one for retaliation in violation of Title VII of the Civil Rights Act of 1964. (Compl., Dkt. No. 1.) This court granted summary judgment to defendant as to all claims, but the Fourth Circuit Court of Appeals reversed and remanded as to the retaliation claim. That is the only claim now set for trial.

Metropolitan filed a four-part motion in limine. Pursuant to Federal Rules of Evidence 401 and 403, Metropolitan first seeks to exclude evidence of Saunders' reversed default judgment. (Dkt. No. 131 at 1.) Second, it seeks to exclude evidence that it failed to register with the Virginia State Corporation Commission until June 7, 2018. (*Id.*) Plaintiff agrees not to

---

[1] A recitation of the facts is not necessary for this opinion and can be found in other opinions in this case.

present evidence regarding these first two matters, so the court will grant the motion in limine as to those matters by agreement. Third, Metropolitan seeks permission to admit out-of-court statements to prove facts other than the truth of the matter asserted, pursuant to Federal Rule of Evidence 801(c)(2). (*Id.* at 2.) Specifically, Metropolitan seeks to admit statements regarding tenants' complaints about Saunders, Carter's statements regarding the decision to fire Saunders, and support for any statement in Saunders' termination or disciplinary action forms. (*Id.*) Finally, Metropolitan seeks an order, pursuant to Federal Rule of Civil Procedure 42(b), bifurcating the trial of this case so that the issue of liability is tried before the issue of damages. (*Id.*)

## II. DISCUSSION

### A. Out-of-Court Statements

Federal Rule of Evidence 801(c) defines hearsay as an out-of-court statement offered for the truth of the matter asserted. If an out-of-court statement is offered to prove something other than the truth of the matter asserted in the statement, it is not hearsay. In *Coleman v. Jason Pharmaceuticals*, 540 F. App'x 302, 306 (5th Cir. 2013), a Title VII retaliation case, the court admitted unsworn statements made by plaintiff's co-workers to a human resources partner because the statements were not offered to prove the truth of the matter asserted. 540 F. App'x 302, 306 (5th Cir. 2013). Instead, the statements were introduced to prove that plaintiff's co-workers had made statements to the human resources partner and the partner relied on those statements in deciding to terminate the plaintiff. *Id.* Similarly, in *Abrams v. Department of Public Safety*, a Title VII race discrimination case, the court concluded that out-of-court statements by plaintiff's supervisor and co-worker stating that plaintiff was not a good fit for a job were admissible as non-hearsay. 764 F.3d 244, 252 (2d Cir. 2014). The court reasoned that

the statements were not presented for the truth of the matter asserted, but rather to prove that the statements were made. *Id.*

Saunders argues that the statements Metropolitan seeks to admit are hearsay. In support of her position, Saunders cites *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187 (4th Cir. 2003). In *Rowland*, "[t]he trial record clearly demonstrate[d] that [the defendant] introduced [a] letter with the intent to use it as evidence of [plaintiff's] lack of people skills." *Id.* at 194. "Consequently, [defendant] did not submit the letter for anything other than proof of the matter asserted: that [a third party] had been treated poorly by [plaintiff] and, by extension, that [plaintiff] had problems with her people skills." *Id.* Thus, the Fourth Circuit concluded that the letter was hearsay, and "could only be deemed admissible if it fit within one of the exceptions to the hearsay rule." *Id.*

Here, Metropolitan seeks to introduce out-of-court statements regarding Saunders' termination, specifically statements made by tenants and Metropolitan employees to Metropolitan management. (Dkt. No.134 at 1–2.) Metropolitan states that it intends to use these statements to prove why it terminated Saunders, not to prove the truth of the matter asserted in the statements. (*Id.*) Thus, unlike in *Rowland*, the statements Metropolitan intends to introduce would not be hearsay, and the court will allow them. Of course, whether the court admits the statements at trial will be subject to foundational requirements and contemporaneous objections, if appropriate. If offered for reasons other than the truth of the matter, the court will allow Metropolitan to introduce such statements.

**B. Bifurcation of Trial**

Metropolitan requests that the court bifurcate the issues of liability and damages pursuant to Federal Rule of Civil Procedure 42(b) which provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

"Under Rule 42(b), 'the granting of separate trials is within the sound discretion of the trial judge.'" *Toler v. Gov't Employees Ins. Co.*, 309 F.R.D. 223, 225 (S.D.W. Va. 2015) (citing *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953)). *See also Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993). "Separating issues for trial, however, 'is not to be routinely ordered.'" *Toler*, 309 at 225 (citing Fed. R. Civ. P. 42(b) advisory committee's note; *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2008) ("Rule 42(b) should be resorted to only as the result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule.")). In determining whether bifurcation is appropriate, courts consider: (1) whether separate trials would either avoid prejudice or promote judicial economy; and (2) whether bifurcation would unfairly prejudice the non-moving party. *Id.* (citing *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999)). The moving party has the burden of showing that bifurcation is appropriate. *See id.* (citing *Lester v. Homesite Ins. Co. of the Midwest*, No. CIV.A. 1:14–20361, 2014 WL 6682334, at *1 (S.D.W. Va. Nov. 25, 2014)).

Here, Metropolitan's primary argument is that bifurcating the trial would promote judicial economy should it prevail and would not lengthen the trial should Saunders prevail. (Dkt. No. 131-1 at 4–5.) In addition, Metropolitan argues that "[b]ecause damages are not merely economic, presentation of that evidence prior to the determination of liability would be unfairly prejudicial to Defendant's case regarding liability." (*Id.* at 5.) Saunders objects to bifurcation, noting the difficulty in empaneling a jury during the Covid-19 pandemic. (Dkt. No.

4

133 at 1–2.) In addition, Saunders argues that if Metropolitan is not successful on the issue of liability, bifurcation might lengthen the trial process. (*Id.*) Given the challenges in holding a jury trial during a pandemic, and the uncertainty regarding defendant's success on the issue of liability, Metropolitan has not shown that that bifurcation will shorten the trial process. Moreover, Metropolitan has not adequately shown that it would be unfairly prejudiced if the trial is not bifurcated. Therefore, the court will deny Metropolitan's request for bifurcation.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that defendant's motion in limine (Dkt. No. 131) is:

1. GRANTED, by agreement of the parties, as to the exclusion of evidence regarding the reversed default judgment and Metropolitan's registration with the Virginia State Corporation Commission;

2. GRANTED as to the out-of-court statements Metropolitan seeks to admit for purposes other than the truth of the matter; and

3. DENIED as to bifurcation.

The clerk shall provide a copy of this opinion and order to counsel or record.

Entered: September 21, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge